UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LUISA E. CARMONA, | ) | No. CV 05-01659-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION, AND ORDER |
| | ) | THEREON |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed, and this matter is dismissed.

1   Plaintiff's sole issue is that the ALJ erred in finding that she
2 did not have a severe mental impairment prior to her date last insured
3 (DLI) of June 30, 1997.  The record establishes that Plaintiff
4 stopped working in February 1997 (AR 138, 279.)  She testified that
5 she sought medical treatment in Tijuana from Dr. Penaloza, for both
6 physical impairments and depression.  (AR 74-75.)  She also was
7 initially seen by Dr. Mayoral in Los Angeles on November 25, 1998, at
8 which time she reported psychiatric symptoms, and received a
9 preliminary diagnosis of depression NOS with anxiety.  (AR 285.)
10 Then, on January 15, 1999, Plaintiff returned to Dr. Mayoral and
11 received a psychiatric evaluation.  (AR 278-283.)  Plaintiff contends
12 that the results of this examination provide further support for her
13 contention that she suffered from a severe mental impairment prior to
14 her DLI.  Finally, Plaintiff contends that the fact that she did not
15 receive treatment for her mental impairment is not dispositive of the
16 determination of her onset date.
17      The ALJ's decision states the following with regard to this
18 issue:
19      "Additionally, at least prior to her date last insured, the
20      claimant is not found to have any significantly limiting
21      mental impairment. With regard to this period, the record
22      does not document any psychiatric treatment or psychiatric
23      hospitalizations.  Treatment records do not indicate any
24      particularly abnormal behavior.  And the claimant's
25      activities of daily living seem to have been limited by
26      physical factors rather than any mental impairment." (AR
27      21.)
28      The issue presented is not whether lack of treatment prior to or

2

near the time of the DLI is dispositive of the existence of a severe mental impairment.  Plaintiff contends that she was treated for depression at that time, and she submitted Dr. Penaloza's reports to the Commissioner for consideration. (AR 405-444.) Examination of Dr. Penaloza's records reveals that this physician treated Plaintiff for physical ailments, as there is not a single mention of the existence of any mental condition, or any prescription for medication related to a mental impairment, or a recommendation that she receive any type of therapy.  Dr. Penaloza's records are quite detailed and discuss at length his diagnosis that Plaintiff suffers from a condition that is a result of working in cold environments, which caused her to develop Sjogren's disease.  (AR 409.)

Similarly, the records of Dr. Mayoral do not substantiate Plaintiff's contention of an onset date for a mental impairment prior to her DLI.  In Plaintiff's first visit to Dr. Mayoral, on November 25, 1998, she described an industrial injury which caused her pain, and Dr. Mayoral set forth Plaintiff's self-reporting of _present_ psychiatric-type symptoms. (AR 285.)  There is no indication in Dr. Mayoral's initial report of a prior onset date.  Thus, the Court turns to Dr. Mayoral's later comprehensive psychiatric evaluation performed on January 15, 1999; however, this report is not of assistance to Plaintiff. Again, it describes the present existence of psychological symptoms.  Indeed, Dr. Mayoral reported that plaintiff experienced difficulty at her employment due to the cold temperature she worked in, which caused her to sustain industrial injuries bilaterally to her upper extremities, and further led to a circulation problem.  Dr. Mayoral reported that, "The [Plaintiff] _now_ feels sad and depressed." (AR 282, emphasis added.)  Again, it is fair to read Dr. Mayoral's

report as reflecting that Plaintiff developed some depression following the termination of her employment; however, there is nothing in this report or any of the other medical records which would support a reasonable inference that Plaintiff suffered from a severe mental impairment prior to her DLI. The burden of proof is on Plaintiff in this instance. See <u>Morgan v. Sullivan</u>, 945 F.2d 1079, 1080 (9th Cir. 1991). Plaintiff has failed to sustain her burden of proof, and for that reason, the Commissioner's decision will be affirmed.

Based on the foregoing, Plaintiff's motion for summary judgment is denied, the Commissioner's cross-motion for summary judgment is granted, and the matter will be dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 27, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4